UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 01-11125

————————————


OLLIE FITZGERALD JOHNSON,

                    Plaintiff - Appellant-Cross-Appellee,

                         v.

LUBBOCK COUNTY TX, ET AL.,

                    Defendants,

LUBBOCK COUNTY TX; GILBERT FLORES; THOMAS HEAD;
THOMAS HENDRICK; JAMES KITTEN; RICHARD LEWIS;
RUSSELL LILLEY; KENNY MAINES; JACK MITCHELL;
THOMAS RAY; JERROLD WELBORN,

                    Defendants - Appellees-Cross-Appellants,

DOUGLAS BARNES; EARL BARTLEY; CAMERON COWAN;
VANCE MACDONALD, Reverend; FRANK MACINROE;
PAUL SCARBOROUGH; WILLIAM SOWDER,

                    Defendants - Appellees.


————————————

No. 01-11550

————————————

OLLIE FITZGERALD JOHNSON,

                    Plaintiff - Appellant,

                         v.

LUBBOCK COUNTY TEXAS; ET AL.,

                    Defendants,

LUBBOCK COUNTY TEXAS; DOUGLAS BARNES; EARL
BARTLEY; GILBERT FLORES; THOMAS HEAD; THOMAS
HENDRICK; JAMES KITTEN; RICHARD LEWIS; RUSSELL
LILLEY; VANCE MACDONALD; FRANK MACINROE; KENNY
MAINES; JACK MITCHELL; THOMAS RAY; PAUL
SCARBOROUGH; JERROLD WELBORN,

                          Defendants - Appellees.
_____

Appeals from the United States District Court for the
Northern District of Texas, Lubbock
5:00-CV-255-C
_____


October 4, 2002

Before SMITH and BENAVIDES, Circuit Judges, and ENGELHARDT[*],
District Judge.

PER CURIAM:[**]

Plaintiff-Appellant Ollie Johnson appeals from an adverse
summary judgment dismissing his federal civil rights claims and
Texas state law claims against appellees. The parties agree that
Johnson's separate appeal from an order awarding costs to appellees
is dependent on Johnson's successful appeal of the summary
judgment.

The controlling issue on this appeal dispositive of all claims
is the propriety of the district court's conclusion that Johnson's
April 26, 1999 release agreement in exchange for $100,000 waived
all claims. Our review of the record and arguments advanced lead

_____

[*]District Judge of the Eastern District of Louisiana, sitting
by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

to the inescapable conclusion that the district court correctly concluded that the release was effective to preclude Johnson's claim and that there was no summary judgment proof that would raise a fact issue that the settlement was not voluntary or procured by fraud or duress. Accordingly, the judgment of the district court is AFFIRMED.